## In re Estate of Tosi

C.P. of Monroe County, no. 00064 OC 1997.

*Jennifer Harlacher Sibum,* for John Tosi.
*George W. Westervelt Jr.,* for Frank Tosi.
*Robert M. Maskrey Jr.,* for Rosa Tosi.

CHESLOCK, *J.,* June 30, 1998—On June 30, 1997, the petitioner, John Tosi, filed a petition to adjudicate his mother, Rosa Tosi, incompetent and have himself appointed guardian of Rosa Tosi and her estate. A hearing was conducted on April 28, 1998 and May 28, 1998 in order to determine whether Rosa Tosi should be declared incompetent by this court. Furthermore, in the event Rosa Tosi is adjudged incompetent, a particular person or entity would be appointed as guardian of Mrs. Tosi and her estate. The petitioner filed a brief in support of the petition to appoint a guardian on June

18, 1998. Petitioner's brother, Frank Tosi, filed a brief contra to the petition to appoint a guardian on June 18, 1998. Furthermore, Frank Tosi requests that he continue in his capacity as attorney-in-fact for his mother, Rosa Tosi. We are now ready to dispose of the petition to appoint a guardian for Rosa Tosi.

In Pennsylvania, an " '[i]ncapacitated person' means an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that he is partially or totally unable to manage his financial resources or to meet essential requirements for his physical health and safety." 20 Pa.C.S. §5501. Petitioner requests that Rosa Tosi be declared incompetent and a guardian be appointed. In order for a court to declare an individual incompetent, certain statutory requirements must be met:

"(a) Resident.—The court, upon petition and hearing and upon the presentation of clear and convincing evidence, may find a person domiciled in the Commonwealth to be incapacitated and appoint a guardian or guardians of his person or estate. The petitioner may be any person interested in the alleged incapacitated person's welfare. The court may dismiss a proceeding where it determines that the proceeding has not been instituted to aid or benefit the alleged incapacitated person or that the petition is incomplete or fails to provide sufficient facts to proceed." 20 Pa.C.S. §5511(a).

In the instant case, this court must determine if Rosa Tosi should be adjudged an incapacitated person. Dr. Harold Pascal, a psychiatrist, interviewed Mrs. Tosi. Dr. Pascal concluded that, although her short-term memory was satisfactory, Mrs. Tosi exhibited the signs of primary degenerative dementia. He stated that dementia gradually worsens over time and that Mrs. Tosi was

disorganized in her thinking and could be a possible victim of "designing persons." Finally, Dr. Pascal stated that Mrs. Tosi cannot handle her financial affairs as a result of the mental deterioration. Dr. Pascal's mental evaluation of Mrs. Tosi was uncontested.

The petitioner and his brother, Frank Tosi, both agree that Mrs. Tosi is incapable of handling her own physical and financial affairs. Testimony presented before the court indicated that Mrs. Tosi is indeed totally dependent upon others for her physical and financial well-being. When Mrs. Tosi was examined by counsel, her lack of understanding regarding her financial affairs was painfully apparent. For example, Frank Tosi stated that his mother had paid for part of his new home when he moved. Mrs. Tosi testified that she could not recall whether she had given Frank Tosi money for his new home. Furthermore, Mrs. Tosi had created a last will and testament while residing with her son, Frank Tosi. Upon examination, she could not recall creating her will. Under the will, her home in Queens, New York is to go to her son, Frank Tosi. But upon examination by counsel, Mrs. Tosi testified that she wanted the home in Queens, New York to go to both sons. Mrs. Tosi had also created a power of attorney whereby her son, Frank Tosi, would act as her attorney-in-fact. She created this document while in the care and custody of Frank Tosi. At the hearing, Mrs. Tosi could not remember creating a power of attorney.

At the hearing, it was obvious that Mrs. Tosi is incapable of handling her own affairs. As a result of the progressive primary dementia, she is incapable of recalling significant events. We thereby conclude that the petitioner has proven by clear and convincing evidence that Rosa Tosi is an incapacitated individual.

Once a court has adjudged a person an incapacitated individual in need of a guardian of their person and

estate, 20 Pa.C.S. §5511(f) governs who the court may appoint as guardian:

"The court may appoint as guardian any qualified individual, a corporate fiduciary, a nonprofit corporation, a guardianship support agency . . . or a county agency. . . . The court shall not appoint a person or entity providing residential services for a fee to the incapacitated person or any other person whose interests conflict with those of the incapacitated person except where it is clearly demonstrated that no guardianship support agency or other alternative exists. Any family relationship to such individual shall not, by itself, be considered as an interest adverse to the alleged incapacitated person. If appropriate, the court shall give preference to a nominee of the incapacitated person." 20 Pa.C.S. §5511(f).

In the instant case, the petitioner, John Tosi, requests that this court appoint him as guardian of his mother, Rosa Tosi, and her estate. Conversely, Frank Tosi requests that the power of attorney executed by Rosa Tosi be recognized so that he may continue to exercise control over his mother's affairs. First, we will address the issue as to whether the power of attorney executed by Rosa Tosi continues in effect with Frank Tosi as her attorney-in-fact.

Courts have determined "that a person executing a power of attorney normally names as attorney-in-fact that person whom he or she reposes great confidence." *In re Howard,* 9 Fiduc. Rep.2d 338, 339 (York Co. 1989). In *In re Conover,* 4 Fiduc. Rep.2d 200 (Bucks Co. 1984), the court had to decide whether to appoint an individual or entity to administer the estate of an adjudged incapacitated individual or whether the attorney-in-fact should continue in their capacity as administrator of the estate. In ultimately deciding that

the attorney-in-fact should continue in their capacity as guardian of the individual and the estate, the court reasoned that "the evidence revealed that [the incapacitated individual's] affairs are being managed in an efficient manner under a durable power of attorney, we see no necessity for the appointment of a guardian." *In re Conover,* 4 Fiduc. Rep.2d at 202. The court reached this conclusion after hearing exhaustive testimony from the attorney-in-fact that she "had acted wisely in the conduct of her fiduciary duties under the durable power of attorney." *Id.* at 201.

The Pennsylvania Superior Court, in *In re Sylvester,* 409 Pa. Super. 439, 598 A.2d 76 (1991), utilized the above cited cases in determining that the appointed attorney-in-fact should continue in their capacity as guardian. The court stated that "[a] person has the right to choose who shall have control over his finances in the event of incompetency without interference by the courts, which should become involved only in circumstances indicating that the incompetent's interests are not being served." *In re Sylvester,* 409 Pa. Super. at 455, 598 A.2d at 84.

The instant case is distinguishable from the above cited cases. Frank Tosi, the appointed attorney-in-fact under the power of attorney, has failed to provide an accounting to the court regarding his mother's estate. Frank Tosi argues that he does not have to provide an accounting to the court. With regards to whether a guardian should be appointed, we vehemently disagree. This court finds that the incompetent's interests are not being properly served by Frank Tosi, the appointed attorney-in-fact. Frank Tosi's credibility and trustworthiness is questionable in light of his actions and testimony. Therefore, we find that it is appropriate to displace Frank Tosi as attorney-in-fact of the incompetent's estate and appoint a guardian.

428

The petitioner, John Tosi, requests that this court appoint himself as guardian of his mother and her estate. In the alternative, the petitioner requests that an impartial third party be appointed as the incompetent's guardian in the event this court deems that the petitioner should not be appointed guardian. We find that the alternative is the most proper action in this case because the incompetent will be best served by an impartial third party. Therefore, in accordance with 20 Pa.C.S. §5511(f), this court appoints Catholic Social Services as guardian of Rosa Tosi and her estate.

Accordingly, we enter the following order:

## ORDER

And now, June 30, 1998, the petition to appoint guardian is hereby granted. Catholic Social Services is hereby appointed as guardian of Rosa Tosi and her estate.